HENRY K. WHITE and another *vs.* O. M. KILGORE and trustees.

Somerset. Opinion June 22, 1886.

*Trustee process. Costs. Claimant of funds.*

The statutory rule that the prevailing party recovers cost, does not apply to a controversy between the plaintiff in a trustee action and a claimant of the

fund trusteed; costs in such a matter may be awarded as in equity; it is substantially an equitable proceeding.

On exceptions.

Trustee process. The case has been once before the law court and is reported in 77 Maine, 571. The exceptions here were by the plaintiffs to the rulings of the presiding justice, as a matter of law, that neither the plaintiffs nor the claimants (Hussey and Conant) to the funds in the hands of the trustee were entitled to costs.

*Walton and Walton,* for the plaintiffs, contended that the plaintiffs were the prevailing party and entitled to costs. The trustee was first discharged on the ground that the fund in his hands belonged to the claimants. The plaintiffs alleged exceptions and they were sustained by the law court and the trustee was charged for thirty-six dollars and nine cents, and the balance of the fund, twenty-four dollars and forty-four cents, was given to the claimants.

This was upon an issue framed by the claimants. They could claim the whole or a part of the fund. They claimed the whole. The plaintiffs had no voice in making up the issue. They had to take what was tendered to them as it was tendered, and they were compelled to join the issue or give up their right to the whole fund. They joined the issue. The presiding justice decided against them. They thereupon had the extra expense of printing the case for the law court, where their exceptions were sustained and the trustees charged. They are clearly entitled to costs. R. S., c. 82, § 117.

*C. A. Harrington,* for the claimants, cited: *Brainard* v. *Shannon,* 60 Maine, 342; *Simpson* v. *Bibber,* 59 Maine, 196; *Stedman* v. *Vickery,* 42 Maine, 132.

Peters, C. J. This case involves the question of costs between a plaintiff in a trustee process, and an intervening claimant of the fund trusteed. Each claimed to hold the whole fund, the plaintiff by his attachment, and the other party by an assignment from the person trusteed. Each party sustained

his claim in part, the result dividing the fund not far from equally. No statutory provision exactly hits the question presented. In some of the states there are statutes allowing the court to exercise a discretion in granting costs in such cases. We think it not unfitting that we should assume a discretion in the matter, following the rule that governs in equitable proceedings. The present proceeding is really an equitable interference for the settlement of the ownership of a fund, although the question arises in an action of law, but not between the principal parties to the action. The presiding judge allowed costs to neither party. That can not be deemed an inequitable ruling.

*Exceptions overruled.*

ALL CONCUR.